**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| MARK LYLE BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-5-RWS-JBB |
| | § | |
| JASON M. GOULD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mark Lyle Bell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. Docket No. 1. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

Plaintiff's lawsuit concerns searches conducted at the Telford Unit of the Texas Department of Criminal Justice in April and May of 2025. Docket No. 1 at 10–11. Plaintiff also filed a motion for injunctive relief concerning these same searches. Docket No. 4. Plaintiff states that prison officials "confiscated or destroyed" over 300 sheets of typing paper, six ink pens, eight writ envelopes, 25 sheets of carbon paper, over 400 photographs which were exhibits in another civil case, a pair of jogging shoes, a set of headphones purchased at the commissary, and earbuds issued with his prison tablet. Docket No. 4 at 5.

On July 21, 2026, the magistrate judge issued a report and recommendation with respect to Plaintiff's motion for injunctive relief, noting that Plaintiff requested a preliminary injunction "against what he claims is a practice of destruction of inmates' legal work and a general injunction referring without specifics to searches and seizures." Docket No. 8 at 3. The magistrate judge also determined that Plaintiff "offered nothing to show that he has a substantial likelihood of success

on the merits of his claims, nor that he faces a substantial risk of irreparable injury if the requested relief is not granted." *Id.* at 3–4. According to the magistrate judge, Plaintiff simply argues that "at some future time, he may be again subjected to such a search, and that his legal materials may be destroyed as a result of this hypothetical search." *Id*. at 4. The magistrate judge determined that such speculation is not a sufficient basis upon which to grant injunctive relief. *Id*. Notwithstanding that Plaintiff's arguments were insufficient on the merits, the magistrate judge also determined that Plaintiff's requested relief raised federalism concerns because it would involve a federal court issuing a preliminary injunction against a state agency, and the Supreme Court has cautioned against such involvement in state prison operations. *Id.* The magistrate judge therefore recommended denying Plaintiff's request for injunctive relief. *Id.*

Plaintiff filed objections to the magistrate judge's report and recommendation on August 12, 2026, asserting, for example, that that Plaintiff is elderly and disabled and that Defendants' conduct was "retaliatory" based on other grievances and lawsuits that Plaintiff filed. Docket No. 10 at 2, 5. Plaintiff also complains that Defendants wrongfully confiscated his property and that the Court's failure to intervene would give prison officials a "green light" to continue such practices. *Id.* at 4–5.

Plaintiff fails to meaningfully address any of the magistrate judge's determinations regarding the substance of Plaintiff's motion, including (1) the speculative nature of a possible future search; (2) Plaintiff's likelihood of success on the merits; or (3) the federalism concerns raised by Plaintiff's motion. Plaintiff's objections merely repeat the allegations contained in his complaint (Docket No. 1) and motion for temporary restraining order and preliminary injunction (Docket No. 4). At best, Plaintiff somewhat addresses the speculative nature of the searches by asserting that prison officials conduct similar searches twice a year. Docket No. 10 at 3. But

Plaintiff otherwise fails to address the other portions of the magistrate judge's report and recommendation.

Nevertheless, based on Plaintiff's objections, the Court conducted a careful *de novo* review of the magistrate judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1). Upon such review, the Court determines that the report and recommendation of the magistrate judge is correct and the Plaintiff's objections are without merit because they fail to specifically address the magistrate judge's determinations. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 10) are overruled and that the Report and Recommendation of the United States Magistrate Judge (Docket No. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket No. 4) is **DENIED**.

**So ORDERED and SIGNED this 28th day of September, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE